IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID ALLEN REINHARDT | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. DKC-12-187 |
| MARTIN O'MALLEY, | * | |
| GARY D. MAYNARD, and | | |
| MICHAEL J. STOUFFER | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

The above-captioned civil rights complaint was filed on January 18, 2012, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because he appears to be indigent, Plaintiff's motion will be granted. For the reasons that follow the complaint must be dismissed without requiring a response from Defendants.

Plaintiff is a prisoner who is serving a life sentence and is currently confined at Eastern Correctional Institution (ECI). ECF No. 1. He provides that in 1993, Maryland Governor Parris Glendening, along with the Secretary of Public Safety and Correctional Services, decided that Maryland prisoners serving a life sentence would not be paroled from their sentences.[1] *Id*. at p. 3. He claims Governor Glendening expressed his intentions to deny parole to prisoners serving life when he stated that "life means life." *Id*. Plaintiff asserts that this decision, which has been continued by the current Governor, has deprived him of due process and equal protection, and violates the Eighth Amendment's proscription against cruel and unusual punishment. *Id*. Plaintiff further claims that the decision to refuse parole is a political one, making him a political

---

[1] If the Parole Commission decides to grant parole to an inmate sentenced to life imprisonment who has served 25 years without application of diminution of confinement credits, the decision must be transmitted to the Governor who may approve or disapprove the decision. *See* Md. Code Ann., Corr. Serv. §7-301(4) and (5).

pawn. He states that his sentence was not imposed as life without parole, but it has become one as a result of the policies of the Governor's office. Plaintiff additionally claims that his ability to participate in programming which would increase the likelihood of being granted parole has been adversely impacted by the policy. The relief he seeks includes injunctive relief requiring a change in policy and allowing him to progress to lower security prisons; and monetary damages in the amount of 2.4 million dollars from each Defendant. *Id.* at p. 9.

The complaint does not state a federal constitutional claim. The Constitution itself does not create a protected liberty interest in the expectation of parole. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U. S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). "It is therefore axiomatic that because . . . prisoners have no protected liberty interest in parole they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Plaintiff also does not have a protected liberty interest in release on parole under Maryland's statutory scheme.

Inmates serving life sentences raised a claim similar to Plaintiff's in the Maryland courts. *See Lomax v. Warden, Maryland Correctional Training Center*, 356 Md 569, 741 A.2d 476 (1999). The plaintiffs in *Lomax* claimed the Governor violated state law requiring his exercise of discretion in cases where prisoners serving life sentences were recommended for parole because he announced his intention not to approve release on parole for lifers unless they were very old or terminally ill. The Maryland Court of Appeals rejected the claim. *Id.* at 576, 741 A.2d at 481. Moreover, the state appellate court held that the policy announcement was not a law for purposes of ex post facto analysis because the Governor remained free to depart from the policy any time

he saw fit and maintained his discretionary power. *Id*. Thus, Plaintiff's due process and ex post facto claims are without merit.

Plaintiff also cannot prevail on an Eighth Amendment claim. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Thus, denial of access to programming that would enhance Plaintiff's chances of being approved for parole does not constitute cruel and unusual punishment. Additionally, "to withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). Plaintiff has not alleged significant physical or emotional injury. Even if he could produce such evidence, Defendants cannot be held liable for violating the Eighth Amendment unless they knew of, and then disregarded, an excessive risk to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that‒ (A) the allegation of poverty is untrue; or (B) the action or appeal‒ (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The instant complaint fails to state a claim upon which relief may be granted. Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first filed by Plaintiff that has been dismissed for failure to state a claim upon which relief may be granted.

A separate Order granting Plaintiff's Motion to Proceed in Forma Pauperis and dismissing the complaint, follows.


__January 30, 2012__                                   _____/s/_____
Date                                                                    DEBORAH K. CHASANOW
                                                                              United States District Judge